WERDEGAR, J.,
Concurring.—I concur in the court’s decision that defendant, who was serving a third strike life term when the Three Strikes Reform Act of 2012 (Prop. 36, as approved by voters, Gen. Elec. (Nov. 6, 2012) (Reform Act or Act)) took effect, may seek relief under the act only through the statutory procedure for recalling the sentence (Pen. Code, § 1170.126)[1] even though his judgment of conviction was not yet final. Because I concur, I also necessarily agree that In re Estrada (1965) 63 Cal.2d 740 [48 Cal.Rptr. 172, 408 P.2d 948] (Estrada) does not require a different result. As the author of the court’s opinion in In re Pedro T. (1994) 8 Cal.4th 1041 [36 Cal.Rptr.2d 74, 884 P.2d 1022] (Pedro T.), and the only current member of the court who participated in that case, I write separately to explain its significance.
To conclude that Estrada, supra, 63 Cal.2d 740, does not govern our interpretation of the Reform Act is a relatively straightforward exercise. Estrada articulates a presumption of statutory construction: ‘“[A]n amendatory statute lessening punishment is presumed to apply in all cases not yet reduced to final judgment as of the amendatory statute’s effective date” (People v. Floyd (2003) 31 Cal.4th 179, 184 [1 Cal.Rptr.3d 885, 72 P.3d 820], citing Estrada, at p. 744), unless the enacting body ‘“clearly signals its intent to make the amendment prospective, by the inclusion of either an express saving clause or its equivalent” (People v. Nasalga (1996) 12 Cal.4th 784, 793 [50 Cal.Rptr.2d 88, 910 P.2d 1380] (Nasalga), citing Estrada, at p. 747). A saving clause is a provision in which the lawmakers articulate how the amended law is to apply, if at all, to cases decided under the prior law. This is precisely the effect of the Reform Act’s provision for recalling sentences. The recall provision offers, to all ‘“persons presently serving an indeterminate term of imprisonment” (§ 1170.126, subd. (a)) under the “Three Strikes” law (§§ 667, subds. (b)-(i), 1170.12), an opportunity to seek sentence reductions, without *663 regard to whether the judgments underlying those sentences are final or not. (See maj. opn., ante, at pp. 655, 657.) Thus, the recall provision both functions as a saving clause and clearly signals the drafters’ intent that the revised penalty provisions apply prospectively. (See maj. opn., ante, at pp. 657-658.)
In contrast to the Reform Act and the statute at issue in Estrada, supra, 63 Cal.2d 740, the law we construed in Pedro T., supra, 8 Cal.4th 1041, expressly declared the Legislature’s intention not to mitigate, but rather to “ ‘enhance . . . penalties.’ ” (Id. at p. 1046, italics added, quoting Stats. 1989, ch. 930, § 1, p. 3247.) Enacted to support “an experimental study of the deterrent effect of enhanced penalties” (Pedro T., at p. 1046), the statute temporarily increased the punishment for vehicle thefts committed within a three-year period, and then automatically reinstated the prior, lower punishment for offenses committed thereafter through a “ ‘sunset’ ” provision. (Id. at p. 1043.) Asked whether Estrada, supra, 63 Cal.2d 740, required retroactive application of the sunset provision, we concluded it did not. The sunset provision did not include a saving clause or its equivalent. But retroactive sentence reductions would have compromised the experiment’s validity, and thus defeated the statute’s purpose, by reducing the data set from a three-year sample of offenders to a smaller sample “comprised only of those whose convictions happened to become final before the sunset date of the increased penalties.” (Pedro T., at p. 1046.) In other words, applying the Estrada presumption would have violated the important rule that we do not interpret legislation in a manner that would render it “an idle act” by the Legislature or “a nullity.” (California Teachers Assn. v. Governing Bd. of Rialto Unified School Dist. (1997) 14 Cal.4th 627, 634 [59 Cal.Rptr.2d 671, 927 P.2d 1175].)
This was the context for our observation in Pedro T., supra, 8 Cal.4th 1041, that, “[djespite broad language in Estrada regarding the necessity of express saving clauses, . . . courts [cannot] dictate to legislative drafters the forms in which laws must be written to express the legislative intent. Rather, what is required is that the Legislature demonstrate its intention with sufficient clarity that a reviewing court can discern and effectuate it.” (Pedro T., at pp. 1048-1049, fn. omitted.) While we thus declined to apply the Estrada presumption to defeat the purpose of a statute expressly intended to increase penalties, we did not abandon the presumption or replace it with a holistic inquiry into legislative intent concerning prospective versus retroactive operation. Indeed, just two years after Pedro T, this court strongly reaffirmed Estrada and pointedly declined the Attorney General’s invitation to abrogate it. (Nasalga, supra, 12 Cal.4th at p. 792 & fn. 7.) Neither does today’s decision abrogate Estrada.
*664 Estrada, supra, 63 Cal.2d 740, has now governed our application of statutes reducing punishment for half a century. Our consistent application of the presumption articulated in that case assists the state’s lawmakers in predicting and controlling the manner in which statutes mitigating punishment are applied. As explained above, I view the court’s decision as consistent with our prior decisions on the subject, and on that basis I concur.
Liu, J., and Cuéllar, J., concurred.

 All further statutory citations are to the Penal Code.